1

**LAQUER URBAN CLIFFORD & HODGE LLP**
Emily Zung Manninger, State Bar No. 248344
225 South Lake Avenue, Suite 200
Pasadena, CA 91101-3030
Telephone: (626) 449-1882
Facsimile: (626) 449-1958
Email: Manninger@LUCH.com

2

3

4

FILED

10 AUG 18 PH 2:54

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

5

Counsel for Plaintiffs,
Trustees of the Southern California IBEW-NECA Pension Plan, et al.

6

7

8

## UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10

11

TRUSTEES OF THE SOUTHERN
CALIFORNIA IBEW-NECA PENSION
PLAN, TRUSTEES OF THE SOUTHERN
CALIFORNIA IBEW-NECA HEALTH
TRUST FUND, TRUSTEES OF THE LOS
ANGELES COUNTY ELECTRICAL
EDUCATIONAL AND TRAINING TRUST
FUND, TRUSTEES OF THE NATIONAL
ELECTRICAL BENEFIT FUND,
TRUSTEES OF THE NATIONAL
ELECTRICAL INDUSTRY FUND,
TRUSTEES OF THE SOUTHERN
CALIFORNIA IBEW-NECA LABOR-
MANAGEMENT COOPERATION
COMMITTEE, THE LOS ANGELES
ELECTRICAL WORKERS CREDIT
UNION, THE CONTRACT COMPLIANCE
FUND, AND THE ADMINISTRATIVE
MAINTENANCE FUND,

12

13

14

15

16

17

18

19

20

21

Plaintiffs,

22

vs.

23

SMART SYSTEMS TECHNOLOGIES,
INC., a California corporation,

24

25

Defendant.

CASE NO.: SACV10-1258-JVS(CWx)

**COMPLAINT FOR:**

1.  **BREACH OF WRITTEN
    COLLECTIVE BARGAINING
    AGREEMENTS AND RELATED
    TRUST AGREEMENTS; AND**

2.  **VIOLATION OF § 515 OF
    ERISA [29 U.S.C. §1132(e)(1)]**

26

///

27

///

28

///

- 1 -

**COMPLAINT**

337486

1     Plaintiffs, TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA

2 PENSION PLAN, TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA

3 HEALTH TRUST FUND, TRUSTEES OF THE LOS ANGELES COUNTY ELECTRICAL

4 EDUCATIONAL AND TRAINING TRUST FUND, TRUSTEES OF THE NATIONAL

5 ELECTRICAL BENEFIT FUND, TRUSTEES OF THE NATIONAL ELECTRICAL

6 INDUSTRY FUND, TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA

7 LABOR-MANAGEMENT COOPERATION COMMITTEE, THE LOS ANGELES

8 ELECTRICAL WORKERS CREDIT UNION, THE CONTRACT COMPLIANCE FUND,

9 AND THE ADMINISTRATIVE MAINTENANCE FUND (hereinafter referred to

10 collectively as the "Plaintiffs" or "Trusts") complain and allege as follows:

11                       **JURISDICTION AND VENUE**

12     1.    This Court has jurisdiction of this case pursuant to Section 502(e)(1) of the

13 Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C.

14 §1132(e)(1)], which grants the United States District Courts jurisdiction over civil actions

15 brought by a fiduciary pursuant to Section 502(a)(3) of ERISA [29 U.S.C. §1132(a)(3)] to

16 redress violations or enforce the terms of ERISA or an employee benefit plan governed by

17 ERISA. Such jurisdiction exists without respect to the amount in controversy or the

18 citizenship of the parties, as provided in Section 502(f) of ERISA [29 U.S.C. §1132(f)].

19     2.    This Court also has jurisdiction of this case pursuant to Section 301(a) of the

20 Labor Management Relations Act of 1947, as amended ("LMRA") [29 U.S.C. §185(a)],

21 which grants the United States original jurisdiction over suits for violation of contracts

22 between an employer and a labor organization in an industry affecting commerce, without

23 respect to the amount in controversy and the citizenship of the parties.

24     3.    Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA [29

25 U.S.C. §1132(e)(2)], and Section 301(a) of the LMRA [29 U.S.C. §185(a)], in that this is the

26 district in which the Plaintiff trust funds are administered, in which the relevant acts took

27 place, and in which moneys are due and payable.

28 ///

**COMPLAINT**

337486

1      4.     To the extent this Complaint sets forth any state law claims, this Court has

2  supplemental jurisdiction over those claims pursuant to 28 U.S.C. §1367(a).

3                              **PARTIES**

4      5.     The Southern California IBEW-NECA Pension Plan, the Southern California

5  IBEW-NECA Health Trust Fund, the Los Angeles County Electrical Educational and

6  Training Trust Fund, the National Electrical Benefit Fund ("NEBF"), and the National

7  Electrical Industry Fund ("NEIF"), are express trusts created pursuant to written declarations

8  of trust ("Trust Agreements"),  except for the NEBF and NEIF, the Trusts Agreements are

9  between various local unions of the International Brotherhood of Electrical Workers

10  ("IBEW") in Southern California, like Local Union 11 ("Local 11"), and various employer

11  associations affiliated with the National Electrical Contractors Association ("NECA"), in the

12  electrical industry in Southern California, like the Los Angeles Chapter of NECA  For the

13  NEBF and NEIF, the Trust Agreements are between the National Union of the IBEW and

14  the National NECA. The Los Angeles Electrical Workers Credit Union ("Credit Union") is

15  a state chartered Credit Union which collects employee authorized vacation payments

16  pursuant to a collective bargaining agreement entered into by Local 11.  The Administrative

17  Maintenance Fund ("AMF") and Contract Compliance Fund ("CCF") are administered by

18  NECA and collect industry advancement funds pursuant to a collective bargaining

19  agreement entered into by Local 11.  Except for the LMCC, the Credit Union, the AMF and

20  the CCF, the plaintiffs are now, and were at all times material to this action, labor-

21  management multiemployer trusts created and maintained pursuant to §302(c)(5) of the

22  Labor Management Relations Act of 1947, as amended ("LMRA") [29 U.S.C. §186(c)(5)].

23  The LMCC is also a labor-management multiemployer Trust which was created and

24  maintained pursuant to the Labor Management Cooperation Act of 1978 [29 U.S.C.

25  §175(a)].  The Trusts are administered by the Trustees of the Trusts in Los Angeles County.

26  ///

27  ///

28  ///

- 3 -

**COMPLAINT**

337486

6.     Plaintiffs are informed and believe, and thereon allege, that at all times material herein, Defendant Smart Systems Technologies, Inc., was and is a California corporation, with its principal place of business in Irvine, California.

### BARGAINING AGREEMENTS AND STATUS OF PARTIES

7.     Plaintiffs hereby refer to, and incorporate herein by reference, paragraphs 1 through 6, above.

8.     Plaintiffs are informed and believe, and thereon allege, that on or before January 1, 2007, Employer began performing work on several public works projects for the Los Angeles Unified School District ("LAUSD Projects").  Plaintiffs are informed and believe, and thereon allege, that the LAUSD Projects were covered by the Los Angeles Unified School District Project Stabilization Agreement – New School Construction and Major Rehabilitation Funded by Proposition BB and/or Measure K ("PSA").

9.     Pursuant to the terms of the PSA, all contractors and subcontractors who have been awarded contracts for work covered by the PSA, or otherwise work on a project covered by the PSA, are required to accept and be bound to the terms and conditions of the PSA.  Plaintiffs are informed and believe, and thereon allege, that Employer was bound to the PSA by working on the LAUSD Projects.

10.     Plaintiffs are informed and believe, and thereon allege, that the PSA incorporates by reference certain collective bargaining agreements of the signatory unions, referred to as "Schedule A" agreements.  Plaintiffs are informed and believe, and thereon allege, that by performing work on the LAUSD Projects, Employer became bound to a number of collective bargaining agreements including, but not limited to, the Inside Wiremen's Agreement between the Los Angeles County Chapter of NECA and Local Union 11, IBEW and the 9th District Sound & Communications Agreement by and between the International Brotherhood of Electrical Workers and the National Electrical Contractors Association (hereinafter collectively, "Master Agreements").

11.     Plaintiffs are informed and believe that the Master Agreements and the PSA require subcontractors and contractors, such as Employer, to pay contributions to the

**COMPLAINT**

337486

1  established employee benefit funds and to make all authorized deductions in the amounts

2  designated in the appropriate collective bargaining agreements, including the Master

3  Agreements, with regard to work performed covered by those agreements.   Plaintiffs are

4  also informed and believe, and thereon allege, that pursuant to the terms of the PSA and/or

5  the Master Agreements, Employer agreed to be bound by the written terms of the Trust

6  Agreements.

7        12.   Plaintiffs are informed and believe, and thereon allege, that on or before

8  January 1, 2007, Employer began performing work on several public works projects for the

9  Los Angeles Community College District ("LACCD Projects").  Plaintiffs are informed and

10  believe, and thereon allege, that the LACCD Projects were covered by a collective

11  bargaining agreement between the LACCD and the Los Angeles/Orange Counties Building

12  and Construction Trades Council called the LACCD Proposition A Facilities Project Labor

13  Agreement ("PLA").

14        13.   Pursuant to the terms of the PLA, all contractors and subcontractors who have

15  been awarded contracts for work covered by the PLA, or otherwise work on a Project

16  covered by the PLA, are required to accept and be bound to the terms and conditions of the

17  PLA.  Plaintiffs are informed and believe, and thereon allege, that Employer was bound to

18  the PLA by working on the LACCD Projects.

19        14.   Plaintiffs are informed and believe, and thereon allege, that the PLA

20  incorporates by reference certain collective bargaining agreements of the signatory unions.

21  Plaintiffs are informed and believe, and thereon allege, that by performing work on the

22  LACCD Projects, Employer became bound to the Master Agreements.

23        15.   Plaintiffs are informed and believe that the Master Agreements and the PLA

24  require subcontractors and contractors, such as Employer, with regard to the LACCD

25  projects, to pay contributions to the established employee benefit funds and to make all

26  authorized deductions in the amounts designated in the appropriate collective bargaining

27  agreements, including the Master Agreements, with regard to work performed covered by

28  those agreements.   Plaintiffs are also informed and believe, and thereon allege, that pursuant

**COMPLAINT**

337486

1    to the terms of the PLA, Employer agreed to be bound by the written terms of the Trust

2    Agreements.

3         16.   Plaintiffs are informed and believe, and thereon allege, that Employer is an

4    "employer" as that term is defined in the Master Agreements and/or related Trust

5    Agreements.  Plaintiffs are informed and believe, and thereon allege, that Employer is an

6    "employer" as defined and used in Section 3(5) of ERISA [29 U.S.C. § 1002(5)], and,

7    therefore, Employer is "obligated to make contributions to a multiemployer plan" within the

8    meaning of Section 515 of ERISA [29 U.S.C. § 1145].  Plaintiffs are informed and believe,

9    and thereon allege, that Employer is also an "employer" engaged in "commerce" in an

10   "industry affecting commerce," as those terms are defined and used in Sections 501(1) and

11   501(3) of the LMRA [29 U.S.C.  §§ 142(1)] and 142(3)], and within the meaning and use of

12   Section 301(a) of the LMRA [29 U.S.C. § 185(a)].

13                    **FIRST CLAIM FOR RELIEF**
                     *Breach of Written Collective Bargaining*
14                  *Agreements and Related Trust Agreements*

15        17.   Plaintiffs hereby refer to, and incorporate herein by reference, paragraphs 1

16   through 16, above.

17        18.   Plaintiffs are informed and believe, and thereon allege, that by the terms and

18   provisions of the Master Agreements, related Trust Agreements, PSA, and/or PLA, and at all

19   times material herein, Employer agreed, and is and was obligated, to the following:

20        18.1.  Report to the Trusts fringe benefit contributions and other amounts due

21   regarding its employees covered by the terms the Master Agreements, related Trust

22   Agreements, PSA, and/or PLA.

23        18.2.  Make payments to the Trusts at the appropriate hourly rates for all

24   employees covered by the terms of the Master Agreements, related Trust Agreements, PSA,

25   and/or PLA.

26   ///

27   ///

28   ///

337486

18.3. Prepare and submit completed contribution reporting forms to the Trusts, on a monthly basis, which provide the information needed in order to accurately assess the amount of contributions and other amounts due and payable by Employer to the Trusts.

18.4. Prepare and submit completed contribution reporting forms, along with the appropriate payments, to the Trusts on or before the 15th date of the calendar month following the month in which the contributions and other amounts accrued. If the Trusts do not receive reports and remittances by the 15th day of the month, Employer shall be deemed delinquent.

18.5. Permit the Trusts and their agents to conduct audits of payroll and related records in order to determine if fringe benefit contributions and other amounts have been properly paid pursuant to the Master Agreements, related Trust Agreements, PSA, and/or PLA.

19. Plaintiffs are informed and believe, and thereon allege, that Employer has failed to pay to Plaintiffs fringe benefit contributions and/or other amounts as required by the Master Agreements, related Trust Agreements, PSA, and/or PLA. Employer currently owes Plaintiffs an undetermined sum in unpaid contributions and other amounts for the months of January 1, 2007 through the present. Due to Employer's failure to allow the Trusts to complete an audit of its payroll and related records, the exact amount of fringe benefit contributions and/or other amounts due and owing have not been ascertained at this time. These amounts will be established by proof at trial herein. Moreover, Employer's refusal to allow an audit of its payroll and related records constitutes a breach of the Master Agreements, related Trust Agreements, PSA, and/or PLA in and of itself.

20. Plaintiffs are informed and believe, and thereon allege, that on an ongoing basis, Employer has continued, and will continue, to fail to pay the Trusts the required fringe benefit contributions and other amounts owed. The amount of the additional unpaid contributions and other amounts owed will be established by proof at the trial herein.

///

337486

21.     As of the date of filing this Complaint, Employer is "delinquent," as that term is used in the Master Agreements, related Trust Agreements, PSA, and/or PLA.

22.     Pursuant to the Master Agreements, related Trust Agreements, and/or §502(g)(2) of ERISA, [29 U.S.C. §1132(g)(2)], Employer is obligated to pay to the Trusts liquidated damages for the detriment caused by the failure of Employer to pay fringe benefit contributions and other amounts owed to Plaintiffs in a timely manner.  Plaintiffs are informed and believe, and thereon allege, that there is due and payable from the Employer to the Trusts liquidated damages related to work performed during the time period of January 1, 2007 to the present, in an amount that will be established by proof at the trial herein.

23.     Plaintiffs are informed and believe, and thereon allege, that Employer has failed to pay certain additional amounts of liquidated damages in amounts not presently known to Plaintiffs, and these additional amounts will be established by proof at the trial herein.

24.     Pursuant to the Master Agreements, related Trust Agreements, and/or §502(g)(2) of ERISA, [29 U.S.C. §1132(g)(2)], Employer owes the Trusts interest on all unpaid fringe benefit contributions and related amounts from the dates the sums were originally due to the Trusts to the date of judgment and post-judgment.  The amount of interest will be established by proof at trial.

25.     By the Master Agreements, Trust Agreements and/or Section 502(g)(2) of ERISA, [29 U.S.C. §1132(g)(2)], Employer is obligated to pay all legal and auditing costs in connection with any delinquency, whether incurred before or after litigation is or was commenced.

26.     It has been necessary for Plaintiffs to engage legal counsel and incur audit costs for the purpose of collecting said contributions and other amounts, and the Trusts are entitled to their reasonable attorneys' fees and audit costs in connection therewith.  The exact amount of the legal fees and audit costs due and payable has not been ascertained at this time.  These amounts shall be established by proof at trial.

///

**COMPLAINT**

337486

27.     Pursuant to §502(g)(2)of ERISA, [29 U.S.C. §1132(g)(2)], the Court may grant such other legal or equitable relief as the Court deems appropriate.   As part of Plaintiffs' judgment, Plaintiffs request the Court to:

27.1.   Order Employer, its representatives, agents and associates, to provide a full and complete accounting for, and tracing the use of, all unpaid amounts owed pursuant to the Master Agreement and Trust Agreements, and identify all property, real or personal, tangible or intangible, that are the profits from the unpaid amounts, whether in whole or in part, of the use of any sums owed to the Trusts;

27.2.   Order Employer, its representatives, agents and associates, to post and deliver either a good faith deposit, or a performance bond issued in favor of Plaintiffs, in an amount determined by the Court to be appropriate;

27.3.   Order the creation of a constructive trust for the full amount determined to be due to the Trusts on all applicable property of Employer, and order the transfer of the applicable property to Plaintiffs; and

27.4.   Order Employer, its representatives, agents and associates, to pay to Plaintiffs all amounts due the Trusts, including, but not limited to, the unpaid contributions, benefits, withholdings, damages, legal fees, audit fees and other expenses and damages incurred.

28.     Plaintiffs are also seeking injunctive relief, including but not limited to a temporary restraining order, preliminary injunction and/or permanent injunction:

29.     Ordering Employer to submit the required monthly contribution reports and remit the appropriate fringe benefit contributions and other amounts owed to the Trusts on an ongoing basis;

29.1.   Enjoining Employer from continuing to violate its duties under ERISA (by failing to submit the required monthly contribution reports and remit the appropriate fringe benefit contributions and other amounts owed to the Trusts on an ongoing basis);

///

///

**COMPLAINT**

337486

29.2.   Enjoining Employer from employing employees covered under the Master Agreements, related Trust Agreements, PSA, and/or PLA without properly reporting and remitting to Plaintiffs the amounts owed to the Trusts pursuant to those agreements; and

29.3.   Ordering Employer to permit Plaintiffs' auditor access to the wage and payroll books and records of Employer in order to permit Plaintiffs to verify the precise amounts owed by Employer to the Trusts.

**SECOND CLAIM FOR RELIEF**
*Violation of § 515 of ERISA*
*(Against Employer)*

30.   Plaintiffs hereby refer to, and incorporate herein by reference, paragraphs 1 through 29, inclusive of sub-paragraphs, above.

31.   §515 of ERISA [29 U.S.C. §1145], provides *"[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."*

32.   Employer is an *"employer"* as defined and used in §3(5) of ERISA, 29 U.S.C. §1002(5), and is *"obligated to make contributions to a multiemployer plan"* within the meaning and use of §515 of ERISA [29 U.S.C. §1145].

33.   Plaintiffs are informed and believe, and thereon allege, that Employer violated its statutory mandated obligation to timely pay fringe benefit contributions and other amounts to the Trusts.  Plaintiffs are informed and believe, and thereon allege, that there is due and payable from Employer the fringe benefit contributions and other amounts set forth in paragraphs 19-26 above.

34.   Plaintiffs are informed and believe, and thereon allege, that Employer failed to timely cure its violation, and has since continued to violate its statutory obligations.

35.   Plaintiffs are informed and believe, and thereon allege, that there is no pending unsatisfied condition subsequent or legal excuse for Employer's violation of §515 of ERISA [29 U.S.C. §1145].

337486

36.     Pursuant to §502(g)(2) of ERISA [29 U.S.C. §1132(g)(2)], in any action by a fiduciary in which judgment is found in favor of the Plan, the Court shall award the Plan: (i) the unpaid contributions, (ii) interest on the unpaid contributions, (iii) an amount equal to the greater of, (a) interest on the unpaid contributions or (b) liquidated damages provided for under the Plan in an amount not in excess of 20% (or such higher percentage as may be permitted under federal or state law) of the amount determined by the Court to be unpaid contributions, (iv) reasonable attorneys' fees and costs, and (v) such other legal or equitable relief as the Court deems appropriate.  For purposes of §502(g)(2) of ERISA [29 U.S.C. §1132(g)(2)], interest on unpaid contributions shall be determined by using the rate provided under the Plan or, if none, the rate prescribed under §6621 of the Internal Revenue Code of 1986, as amended, 26 U.S.C. §6621.  The exact amount of the unpaid contributions, benefits, withholdings, damages, reasonable attorneys' fees, court costs, interest, liquidated damages and other expenses allowed by federal statute and owed to the Trusts by Employer has not been ascertained at this time.  These amounts shall be established by proof at the time of trial.

37.     As part of Plaintiffs' judgment, Plaintiffs shall also request the relief set forth in paragraphs 28 through 30, inclusive of sub-paragraphs, above.

## PRAYER

**WHEREFORE**, Plaintiffs pray for judgment as follows:

1.      For unpaid fringe benefit contributions, liquidated damages and other amounts due in amounts proved at the time of trial;

2.      For damages for breach of contract in amounts proved at time of trial;

3.      For interest at the applicable rate on all amounts due from their respective due dates and thereafter post-judgment;

4.      For reasonable attorneys' fees and audit costs;

5.      For costs of suit incurred herein;

6.      For such additional relief as this Court deems just and proper, including, but not limited to, the following:

- 11 -

**COMPLAINT**

337486

6.1   An Order directing Employer, its representatives, agents and associates, to provide a full and complete accounting for, and tracing the use of, all unpaid amounts owed pursuant to the Master Agreement, Trust Agreements, PSA and/or PLA, and identify all property, real or personal, tangible or intangible, that are the profits from the unpaid sums sue, whether in whole or in part, of the use of any unpaid amounts owed;

6.2.   An Order directing Employer, its representatives, agents and associates, to post and deliver either a good faith deposit, or a performance bond issued in favor of Plaintiffs, in an amount determined by the Court to be appropriate;

6.3.   An Order for the creation of a constructive trust in favor of Plaintiffs on all applicable property of Employer, up to the full amount found due by Employer to Plaintiffs, and an Order for the transfer of the applicable property to Plaintiffs; and

6.4.   An Order directing Employer, its representatives, agents and associates, to pay to Plaintiffs all amounts due Plaintiffs, including, but not limited to, the unpaid contributions, benefits, withholdings, damages, legal fees, audit fees and other expenses and damages incurred.

7.   For injunctive relief, including but not limited to a temporary restraining order, preliminary injunction and/or permanent injunction:

7.1   Ordering Employer to submit the required monthly contribution reports and remit the appropriate fringe benefit contributions and other amounts due to Plaintiffs on an ongoing basis;

7.2   Enjoining Employer from continuing to violate its duties under ERISA (by failing to submit the required monthly contribution reports and remit the appropriate fringe benefit contributions and other amounts due to Plaintiffs on an ongoing basis);

7.3.   Enjoining Employer from employing employees covered under the Master Agreements, related Trust Agreements, PSA, and/or PLA without properly reporting and making the required payments to Plaintiffs; and

///

///

- 12 -

**COMPLAINT**

337486

1        7.4.    Ordering Employer to permit Plaintiffs' auditor access to the wage and
payroll books and records of Employer in order to permit Plaintiffs to verify the precise
amounts owed by Employer to Plaintiffs.  Said documents would include the following
documents relating to the time period of January 1, 2007 to the present:  payroll records,
certified payroll records, time cards, payroll registers, form 1099's and 1096's, form W-2
and W-3 wage and tax statements, accounts receivable listings, cash disbursement journals,
job cost records, vendor invoices, subcontracts, cash receipts journals, quarterly federal and
state payroll tax returns, payroll records for related companies, Employer contribution
reports and cancelled checks regarding contributions owed/paid to other trust funds, detailed
worker's compensation insurance reports, and any other books and records that may be
necessary in order to determine the sums owed by Employer to Plaintiffs.

Respectfully submitted,

DATED: August 18, 2010      **LAQUER, URBAN, CLIFFORD & HODGE LLP**

By: _____
    EMILY ZUNG MANNINGER, ESQ.
Counsel for Plaintiffs,
Trustees of the Southern California IBEW-NECA
Pension Plan, et al.

**WAIVER OF JURY TRIAL**

Plaintiffs hereby waive a jury trial in this action.

DATED: August 18, 2010      **LAQUER, URBAN, CLIFFORD & HODGE LLP**

By: _____
    EMILY ZUNG MANNINGER, ESQ.
Counsel for Plaintiffs,
Trustees of the Southern California IBEW-NECA
Pension Plan, et al.

337486

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## SACV10- 1258 JVS (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [_] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [_] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### CENTRAL DISTRICT OF CALIFOR

| | |
|---|---|
| TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA PENSION PLAN, [SEE ATTACHMENT] | ) ) ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. SACV10-1258-JVS (Cwx) |
| SMART SYSTEMS TECHNOLOGIES, INC., a California corporation | ) ) ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Smart Systems Technologies, Inc.
a California corporation
9 Goodyear
Irvine, CA 92618

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:      Emily Zung Manninger, Esq.
LAQUER, URBAN, CLIFFORD & HODGE LLP
225 South Lake Ave., Suite 200
Pasadena, CA  91101-3030
Tel:  (626) 449-1882

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:   18 AUG 2010                              _____
SEAL
MARILYN DAVIS
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

## ATTACHMENT TO SUMMONS IN A CIVIL ACTION

**Additional Plaintiffs:**

TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA HEALTH TRUST FUND, TRUSTEES OF THE LOS ANGELES COUNTY ELECTRICAL EDUCATIONAL AND TRAINING TRUST FUND, TRUSTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND, TRUSTEES OF THE NATIONAL ELECTRICAL INDUSTRY FUND, TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA LABOR-MANAGEMENT COOPERATION COMMITTEE, THE LOS ANGELES ELECTRICAL WORKERS CREDIT UNION, THE CONTRACT COMPLIANCE FUND, and the ADMINISTRATIVE MAINTENANCE FUND

337606

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br><br>TRUSTEES OF THE SOUTHERN CALIFORNIA<br>IBEW-NECA PENSION PLAN, [SEE ATTACHMENT] | **DEFENDANTS**<br><br>SMART SYSTEMS TECHNOLOGIES, INC., a California<br>corporation |
| **(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):<br>LOS ANGELES COUNTY | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):<br>ORANGE COUNTY |
| **(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing<br>yourself, provide same.)<br><br>Emily Zung Manninger, Esq.          (626) 449-1882<br>Laquer, Urban, Clifford & Hodge, LLP<br>225 South Lake Avenue, Suite 200, Pasadena, CA 91101 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT: $** TO BE DETERMINED

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. §1132(g)(2) and 29 U.S.C. §1145 - This is an action against an Employer to collect fringe benefit contributions and other damages due and owing pursuant to a written collective bargaining agreement.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☑ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:**   Case Number: SACV10-1258

CV-71 (07/05)                    **CIVIL COVER SHEET**                    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b).  RELATED CASES:  Have any cases been previously filed that are related to the present case? ☑ No  ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
   Los Angeles County

List the California County, or State if other than California, in which EACH named defendant resides.  (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
   Orange County

List the California County, or State if other than California, in which EACH claim arose.  (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
   Los Angeles County

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  August 18, 2010

   Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

## ATTACHMENT TO CIVIL COVER SHEET

**I (a) Additional Plaintiffs:**

TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA HEALTH TRUST FUND, TRUSTEES OF THE LOS ANGELES COUNTY ELECTRICAL EDUCATIONAL AND TRAINING TRUST FUND, TRUSTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND, TRUSTEES OF THE NATIONAL ELECTRICAL INDUSTRY FUND, TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA LABOR-MANAGEMENT COOPERATION COMMITTEE, THE LOS ANGELES ELECTRICAL WORKERS CREDIT UNION, THE CONTRACT COMPLIANCE FUND, and the ADMINISTRATIVE MAINTENANCE FUND

337605